The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion concerning A.C.A. § 7-5-205, which provides as follows with regard to write-in candidates:
 (a) No votes for write-in candidates in general elections shall be counted or tabulated unless:
 (a)(1) The candidate or his or her agent shall notify in writing the county board of election commissioners and either the Secretary of State, if a state or district candidate, or a county clerk, if a candidate for a county or township office, of his or her intention to be a write-in candidate not later than sixty (60) days before the election day; and
 (2) The name written on the ballot is the same name listed on the write-in candidate's political practices pledge, except that any abbreviation, misspelling, or other minor variation in the form of the name of the candidate shall be disregarded if the intention of the voter may be ascertained.
 (b) This section shall not apply to the offices of Justice of the Supreme Court, Judge of the Courts of Appeals, circuit judge, or district judge.[1]
A.C.A. § 7-5-205 (Supp. 2001).
You have asked for "some clarification on [this Code section,]" which you describe as "deal[ing] with how and when we count votes for write-in candidates."
RESPONSE
As you can see from the text recited above, § 7-5-205 establishes a notice requirement for those who intend to be write-in candidates, and it provides that no votes for a write-in candidate will be counted or tabulated unless the candidate or his or her agent has provided the requisite notice to the county board of election commissioners and to either the Secretary of State or the county clerk, depending upon the office involved. I believe the section is self-explanatory in this regard.
The requirement with respect to the "name written on the ballot" (subsection (a) (2)), was added by amendment in 2001. See Acts 2001, No. 955, § 1. The "political practices pledge" referenced in this provision is the pledge required by A.C.A. § 7-6-102 (Repl. 2000), which provides that "[p]ersons who wish to be write-in candidates shall file the political practices pledge at the time of filing the notice to be a write-in candidate." Id. at subsection (a) (4).[2] In accordance with § 7-5-205 (a) (2), the name that is written on the ballot by the voter must be the same as that listed on the write-in candidate's political practices pledge, or a "minor variation" thereof such that the voter's intention can be ascertained.
I can offer no further clarification of the requirements imposed by A.C.A. § 7-5-205, in the absence of any specific question or issue presented. As noted, this Code section establishes certain prerequisites for counting write-in votes. It does not, however, address the actual means or methods of counting and recording such votes. The actual counting and recording of write-in votes is governed by other Code sections, and depends upon the type of voting system used in the election. See A.C.A. §§ 7-5-315 (Repl. 2000) (regarding paper ballots),7-5-527 (voting machines), and 7-5-613 and -615 (electronic voting systems).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Arkansas Code Annotated § 7-10-103 (d) (Supp. 2001) is the applicable section with respect to write-in candidates for the nonpartisan judicial offices.
[2] Failure to timely file the pledge in accordance with § 7-6-102 will disqualify a write-in candidate. See A.C.A. § 7-6-102 (e) and generally
Op. Att'y Gen. 2002-116 (regarding the obligation of the Secretary of State or the county clerk (depending on the office involved) to notify, by certified mail, those candidates who failed to file the pledge).